# EXHIBIT "A"

**PLAINTIFF'S COMPLAINT**

# EXHIBIT "A"

Electronically Filed
2/11/2022 12:06 PM
Steven D. Grierson
CLERK OF THE COURT

Paul D. Powell, Esq. (SBN 7488)
Traysen N. Turner, Esq. (SBN 16017)
**THE POWELL LAW FIRM**
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
paul@tplf.com | tturner@tplf.com
Phone 702.728.5500 | Fax 702.728.5501
Attorneys for Plaintiff

CASE NO: A-22-848180-C
Department 30

### EIGHTH JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| BARBARA MORIN, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL WILLIAMSON, an individual;<br>FIRSTFLEET, INC., a foreign corporation;<br>DOE INDIVIDUALS I-X, inclusive; and ROE<br>CORPORATIONS I-X, inclusive,<br><br>　　　　　　Defendants. | Case No.<br>Dept. No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Barbara Morin complains against Defendants Michael Williamson and FirstFleet, Inc., as follows:

### THE PARTIES

1. Plaintiff Barbara Morin is and was a resident of Clark County, Nevada for all times relevant herein.

2. Upon information and belief, Defendant Michael Williamson is and was a resident of the State of Arizona for all times relevant herein.

3. Upon information and belief, Defendant FirstFleet, Inc., is a foreign corporation with headquarters in the state of Tennessee.

4. The true names and capacities of the defendants designated as Doe or Roe Corporations are unknown to Plaintiff, who therefore sues those defendants by fictitious names. When the true names and capacities of these defendants are ascertained, Plaintiff will seasonably amend this Complaint.

1

5. For all times relevant, Defendants were agents, servants, employees, or joint venturers of every other Defendant and were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

## JURISDICTION AND VENUE

6. This Court possesses personal jurisdiction over Defendants because (1) Defendants' residence, domicile, and/or business activities and contacts in Nevada have been and continue to be so substantial, continuous, and systematic that the defendants are deemed present in the forum; and (2) the obligations, acts, and omissions complained of in this Complaint were incurred and committed, in whole or in part, in Nevada, and thus, Defendants have had sufficient minimum contacts with this forum such that the exercise of personal jurisdiction over them will not offend traditional notions of fair play and substantial justice.

7. This Court possesses subject-matter jurisdiction over this matter because Clark County, Nevada is the judicial district in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred.

8. Venue is proper in this Court because a substantial part of the events or omissions giving rise to this action occurred in this District, the alleged acts took place in this District, and Defendants are otherwise subject to the Court's personal jurisdiction.

## GENERAL ALLEGATIONS

9. This complaint involves a car crash that took place on November 1, 2021.

10. At the time of the crash, Plaintiff Barbara Morin was driving a 2012 Kia Sportage.

11. Defendant Michael Williamson was driving a 2018 International Classic Semi in the course and scope of his employment with Defendant FirstFleet, Inc.

12. Immediately prior to the crash, Plaintiff Barbara Morin was traveling north on IR11.

13. Defendant Michael Williamson was traveling north on IR11 in the lane next to Plaintiff Barbara Morin.

2

14. Defendant Michael Williamson failed to maintain his lane and crashed his Semi into Plaintiff Barbara Morin's Kia.

15. The impact caused Plaintiff Barbara Morin's Kia to be hit by a non-party semi-truck.

16. Nevada Highway Patrol ("NHP") arrived at the crash scene and performed an investigation.

17. The investigating NHP officer cited Defendant Michael Williamson for violating NRS 484B.223 which requires drivers not to move from their lane unless it is safe to do so.

18. As a driver in Nevada, Defendant Michael Williamson was obligated to know the rules of the road, the traffic laws, and the driving practices that make the roads safe for all users.

19. Driving on Nevada roadways can be dangerous unless safety rules are followed.

20. Defendant Michael Williamson's negligence has caused Plaintiff Barbara Morin to sustain physical and emotional injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff Barbara Morin's damages in a sum in excess of $15,000.00.

21. Defendant Michael Williamson's negligence has required Plaintiff Barbara Morin to receive ongoing medical care and other treatment for the aforementioned injuries.

22. Plaintiff Barbara Morin's injuries have limited her occupational and recreational activities, which has caused Plaintiff Barbara Morin a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life. These damages are ongoing.

23. As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff Barbara Morin has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION

24. Plaintiff Barbara Morin incorporates all prior paragraphs as though fully set forth here.

25. Defendant Michael Williamson owed a duty of care to operate the Semi safely.

3

26. Defendant Michael Williamson breached his duty of care by failing to maintain his lane and causing a crash with Plaintiff Barbara Morin.

27. Defendant Michael Williamson's breach of duty caused the damages to Plaintiff Barbara Morin which exceed $15,000.

### SECOND CAUSE OF ACTION

28. Plaintiff Barbara Morin incorporates all prior paragraphs as though fully set forth here.

29. Defendant FirstFleet, Inc., had custody and control of the Semi. Defendant FirstFleet, Inc., did entrust the Semi to the control of Defendant Michael Williamson.

30. Defendant Michael Williamson was incompetent, inexperienced, or reckless in the operation of the Semi.

31. Defendant FirstFleet, Inc., actually knew, or by the exercise of reasonable care, should have known that Defendant Michael Williamson was incompetent, inexperienced, or reckless in the operation of motor vehicles.

32. Plaintiff Barbara Morin was injured as a proximate consequence of the negligence and incompetence of Defendant Michael Williamson.

33. As a direct and proximate cause of the negligent entrustment of the Semi by Defendant FirstFleet, Inc., to Defendant Michael Williamson, Plaintiff Barbara Morin has been damaged in an amount in excess of $15,000.00.

### THIRD CAUSE OF ACTION

34. Plaintiff Barbara Morin incorporates all prior paragraphs as though fully set forth here.

35. Defendant FirstFleet, Inc., had a duty to ensure the safety of others by conducting reasonable background checks of its employees; by hiring individuals who were fit and competent to perform their jobs without causing harm to others; by providing proper training to its employees

on how to operate equipment; and by adequately supervising its employees so as to ensure they were performing their work in a competent and safe manner.

36. Defendant FirstFleet, Inc., breached that duty in the following respects, amongst others:

    a. By not conducting reasonable background checks on its employees;

    b. By not hiring proper and fit entities and/or individuals to perform its work;

    c. By not adequately training its employees to operate equipment or provide services in a safe manner;

    d. By not providing proper supervision and control over said individuals to maintain the safety of others; and/or

    e. By not otherwise exercising due care in the hiring and/or supervision of said entities and/or individuals.

37. Plaintiff Barbara Morin has been damaged as a direct and proximate result thereof in an amount in excess of $15,000.00.

### DEMAND FOR JURY TRIAL

38. Pursuant to NRCP 38, Plaintiff Barbara Morin demands a jury trial on the issues and claims in this complaint.

. . .

**PRAYER FOR RELIEF**

Plaintiff Barbara Morin prays for judgment against Defendants as follows:

1. General damages sustained by Plaintiff Barbara Morin in an amount exceeding $15,000;

2. Special damages sustained by Plaintiff Barbara Morin in an amount exceeding $15,000;

3. Reasonable attorney's fees and costs;

4. Property damages sustained by Plaintiff Barbara Morin;

5. Interest at the statutory rate; and

6. Any other relief the Court deems just and proper.

Dated this 11th day of February 2022.

THE POWELL LAW FIRM

/s/ Traysen N. Turner
Paul D. Powell (SBN 7488)
Traysen N. Turner, Esq. (SBN 16017)
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
Attorneys for Plaintiff