# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BARBABRA MORIN,

    Plaintiff,

v.

MICHAEL WILLIAMSON, et al.,

    Defendants.

Case No. 2:22-cv-00583-JAD-NJK

**ORDER**

[Docket Nos. 28, 29]

Pending before the Court are Defendants' motions to compel.  Docket Nos 28, 29.  Defendants' motions seek substantively the same relief: access to Plaintiff's employment records from her employer, Crown Lift Trucks.  Defendants' first motion asks the Court to compel non-party Crown Lift Trucks to provide Plaintiff's employment records directly to Defendants.  Docket No. 28 at 1.  Defendants' second motion asks the Court to compel Plaintiff to provide an authorization to obtain her employment records from Crown Lift Trucks.  Docket No. 29 at 15.  Plaintiff filed a response.  Docket No. 30.  Defendants filed a reply.  Docket No. 32.  Crown Lift Trucks declined to file a response because it is neutral regarding whether the records are disclosed.  Docket No. 32 at 3.  The motions are properly resolved without a hearing.  *See* Local Rule 78-1.

**I.    INTRODUCTION**

Plaintiff initially filed this case in state court, Docket No. 1-3, and Defendants removed the case to this Court on April 6, 2022, Docket No. 1.  Plaintiff and Defendant Michael Williamson were involved in a car accident on November 1, 2021.  Docket No. 1-3 at 3.  Plaintiff alleges that Defendant Williamson caused the accident by negligently veering out of his lane and colliding with her car.  *Id.* at 4.  She further alleges that the accident caused her to sustain physical and emotional injuries which require ongoing treatment and limit her occupational and recreational activities.  *Id.*

The instant dispute involves Defendants' efforts to obtain Plaintiff's employment records from her employer, Crown Lift Trucks. Defendants first asked Plaintiff to provide an authorization to obtain her employment records on May 3, 2022. Docket No. 29 at 3. Plaintiff declined to do so. *Id.* at 4. Defendants' counsel again asked for an authorization to obtain Plaintiff's employment records following her deposition on October 7, 2022. *Id.* at 5. That request was also denied. *Id.* Defendants also attempted to obtain Plaintiff's employment records directly from Crown Lift Trucks. *Id.* at 6. They issued subpoenas to Crown Lift Trucks on October 18, 2022, requesting production of documents by, and noticing a deposition on, October 24, 2022. *Id.* Crown Lift Trucks did not comply with those subpoenas but did provide some of Plaintiff's employment records to Defendants on November 10, 2022. *Id.* It withheld the remainder of Plaintiff's records on the basis that they contain confidential or health information. *Id.* Defendants made one last request for Plaintiff to sign a release for her complete employment records on November 14, 2022. *Id.* That request was denied. *Id.* The instant motion practice followed.

## II.     STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). Relevance during discovery is broader than relevance at trial. *E.g., F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). "The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). Meeting that burden requires the objecting party to explain "how each of its objections is applicable, by providing the relevant standard for each objection and a meaningfully developed argument as to how the standard has been met." *Hinostroza v. Denny's Inc.*, 2018 WL 3212014, *1 (D. Nev. 2018) (citing *Green v. Bacca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005)). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## III.    DISCUSSION

Defendants submit that Plaintiff's employment records are relevant to Plaintiff's claimed loss of earnings, lost wages, and loss of enjoyment of life. Docket No. 29 at 4-5. Defendants

further submit that Plaintiff's employment records are relevant to rebut her economics expert witness' report and testimony. *Id.* at 5-6. Defendants also submit that the records are relevant to their defenses and to impeach Plaintiff's witnesses. *Id.* at 6-7. Plaintiff responds that her employment records are not relevant because she is not pursuing claims for lost wages or loss of earnings. Docket No. 30 at 3. Plaintiff further responds that her employment records are not relevant to rebut her expert witness' report and testimony because he did not evaluate her inability to work and only opined on her loss of enjoyment of life. *Id.* The Court finds that Plaintiff's employment records are relevant to this case.

Despite Plaintiff's assertions, her complaint alleges that her injuries sustained in the accident "have limited her occupational and recreational activities, which has caused [her] a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life." Docket No. 1-3 at 4 ¶ 22. Since the operative complaint contains allegations of limitations of occupational activities, lost wages, and loss of earnings, the Court finds that Plaintiff's employment records are relevant to this case. *Hinostroza*, 2018 WL 3212014 at *7-*8.

## IV.  CONCLUSION

For the reasons more fully discussed above, Defendants' motion to compel Plaintiff to sign an authorization to obtain employment records is **GRANTED**. Docket No. 29. Plaintiff is **ORDERED** to sign a release authorizing Defendants to obtain her employment records from Crown Lift Trucks. Plaintiff must provide the signed release to Defendants no later than January 4, 2023. Additionally, Defendants' motion to compel Crown Lift Trucks to provide Plaintiff's employment records is **GRANTED**. Docket No. 28. Crown Lift Trucks must provide Plaintiff's employment records to Defendants no later than January 18, 2023.

IT IS SO ORDERED.

Dated: December 27, 2022

Nancy J. Koppe
United States Magistrate Judge